No. 2930

**Second Circuit**

(Second Division)

## KRUEBBE CO., INC., v. KIDD-RUSS REALTY CO., INC.

(April 9, 1931. Opinion and Decree.)

D. C. Scarborough, Jr., of Shreveport, attorney for plaintiff, appellant.

Edward Barnette, of Shreveport, attorney for defendant, appellee.

STEPHENS, J. The plaintiff, a corporation engaged in business of selling plumbers' supplies and fixtures in New Orleans, La., brings this suit against the defendant, Kidd-Russ Realty Company, a corporation of Shreveport, La., to recover the sum of $122.93, the alleged balance due on account for goods sold and delivered to the defendant on August 23, 1924.

The defendant answered denying generally the allegations of plaintiff's petition, and for special defense set up that, while there were some goods ordered, and some shipped and delivered, there was an agreement between plaintiff and defendant by which said goods were turned over to one McCleery, Shreveport representative of the plaintiff, by virtue of which defendant was relieved from liability.

From a judgment rejecting its demands, the plaintiff appeals.

On August 15, 1924, the defendant wrote the Shreveport office of the plaintiff corporation as follows:

"Kruebbe Co., City
"Please del to Std Plbmg Co for use on our job 3134 Judson—5 Room & bath cotteg material selected through Mr Troy— send invoice to us for payment. We will pay you direct.
  "Yours Truly,
          "Kidd Russ Realty Co.
            "B. P. Kidd."

On August 23, 1924, certain plumbing fixtures and supplies were delivered by the plaintiff to the Judson street job referred to, and other such fixtures and supplies to the shop of the Standard Plumbing Company, presumably at the direction of Mr. Troy, the owner of the

Standard Plumbing Company. Shortly thereafter Mr. Troy, for some reason in no way related to this transaction, was incarcerated in the parish jail. On learning that Mr. Troy's activity was thus restricted, the defendant, through its secretary-treasurer, Mr. Trickett, requested Mr. McCleery, the local representative of the plaintiff, to permit it to return the goods which had been delivered. This Mr. McCleery agreed to, and pursuant to which agreement the plaintiff received certain articles of the goods and credited the defendant's account with the purchase price thereof amounting to $67.45.

This suit is to recover the price, as shown by the account, of those articles alleged to have been delivered and never returned.

The defendant's special defense set up in its pleadings, and further augmented by the evidence, is that it is relieved from liability because the plaintiff's representative agreed, not only to accept the goods in return, but to accept the responsibility of securing their return from the Standard Plumbing Company, the sole owner of which company was in jail.

The general defense, which is urged earnestly in the argument of counsel, is that the plaintiff has failed to establish that the account sued on is true and correct, and that the items of which it is composed were delivered.

The plaintiff rests its case upon the depositions of Mr. Albert H. De Pass, its secretary-treasurer, and Mr. D. N. McCleery, its Shreveport representative. The former, living in New Orleans, had no knowledge of the correctness of the account or of the delivery of the goods, other than that re-

flected by the books of the plaintiff corporation. The order was received by the Shreveport office and delivery made from the stock in Shreveport. His only testimony of value to plaintiff is that he had a conversation with Mr. Russ, president of the defendant company, in Shreveport in November following the transaction, and that Mr. Russ acknowledged the correctness of the account. Mr. Russ denied that he acknowledged its correctness. He stated that he knew nothing about it, and could neither admit or deny its correctness. This seems reasonable, in view of the fact that the goods were never in the possession of the defendant, except through the Standard Plumbing Company.

Mr. McCleery did not testify to the correctness of the account. He stated that the goods were delivered, but he did not state the specific articles, nor the value thereof. He did not state in what sum the defendant is indebted to plaintiff. He testified that he was present when Mr. De Pass talked to Mr. Russ. His version of what was said on that occasion corroborates Mr. Russ rather than Mr. De Pass. He did not testify that Mr. Russ acknowledged the correctness of the account, but that Mr. Russ did not deny the correctness of the account.

We think it clear that the plaintiff has not shown the correctness of the account, nor the delivery of the goods with legal certainty.

We will not discuss the special defense, except to state that the burden of establishing it rests upon the defendant, and that, after a careful reading of the record, we find that that burden is not sustained by the evidence.

It appearing that the plaintiff did not present sufficient evidence to make out its case, a proper judgment would be one of nonsuit.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and set aside, and that there be judgment dismissing plaintiff's demand as in case of nonsuit, the plaintiff to pay the costs of the lower court, and the defendant the costs of appeal.